GUI DUK HWANG AND JIN SOON HWANG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gui Duk Hwang v. Commissioner
Docket No. 13694-91
United States Tax Court
T.C. Memo 1992-403; 1992 Tax Ct. Memo LEXIS 429; 64 T.C.M. (CCH) 181; July 16, 1992, Filed *429 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition. For Petitioners: Daniel W. Chung. For Respondent: David A. Breen. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction because the petition in this proceeding was not filed within 90 days after the mailing of the notice of deficiency. All section references are to the Internal Revenue Code in effect for the years in issue. Background
Petitioners resided in Philadelphia, Pennsylvania, when the petition was filed. On April 29, 1989, petitioners executed Form 2848 designating Daniel W. Chung as their attorney, and directing that all notices and all other written communications be sent to him. Petitioners provided the power of attorney because they do not read or write English. On May 29, 1990, respondent sent a notice of deficiency by certified mail to petitioners at their address: 102 West Godfrey Avenue, Philadelphia, Pennsylvania 19120. A copy was sent by certified mail to petitioners' representative, Daniel W. Chung, on May 29, 1990. Daniel Chung alleges *430 having no record of receiving a copy of the notice of deficiency. Petitioners admit receiving the notice of deficiency. However, they did not act on the deficiency notice, in part, because they did not understand what the notice was, and because they believed they had delegated all tax matters to their attorney. The petition was filed by Daniel W. Chung on June 27, 1991, 394 days after the mailing of the notice of deficiency. Discussion
Petitioners argue that the notice should have been sent to their attorney and a duplicate copy sent to them, as designated by Form 2848. Petitioners also argue that respondent's failure to send the notice of deficiency to their attorney, as directed by a power of attorney, invalidates the notice of deficiency or otherwise extends the time to file. We disagree. Where the power of attorney directs that "all notices and other written communications" be sent to the taxpayer's agent or representative, this Court has held that such directive renders the agent's address as the taxpayer's "last known address" for purposes of section 6212(b)(1). . However, a violation of this *431 mandate does not necessarily invalidate a notice of deficiency. In , and , this Court held that a notice of deficiency was valid even though it was not mailed to the taxpayer's "last known address" under section 6212(b)(1) if the taxpayer actually received the deficiency notice and was not unduly prejudiced in timely filed a petition with this Court. Assuming without deciding that no notice was sent to taxpayers' attorney, the question is whether respondent's actions satisfied the requirements of section 6212(a). If petitioners timely received actual notice, then respondent's failure to comply with section 6212(b)(1) by sending the notice of deficiency to their attorney is irrelevant. ; Here, the record shows that respondent mailed the notice of deficiency to petitioners on May 29, 1990, that petitioners received the notice, and that petitioners had ample time to timely file a petition. Section 6213(a) provides that a taxpayer must *432 file a petition in this Court within 90 days after the deficiency notice was mailed. Here, petitioners filed their petition 394 days after the deficiency notice was mailed. Accordingly, An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition.